## THE RARITAN SAVINGS BANK

### *v.*

### ALETTA V. LINDSLEY et al.

[Filed February 28th, 1899.]

Obligors who join with the owner of mortgaged premises in a bond given to secure a mortgage, are not necessary parties to a bill to foreclose such mortgage.

On bill and demurrer.

The defendant Aletta V. Lindsley was in 1893 the sole owner of a tract of land in Somerset county. In May of that year, she and four other persons, who do not appear to have had any interest whatever in those lands, made their joint bond to the complainant, conditioned to secure the payment of $4,000

in one year, with interest. Miss Lindsley secured the payment of the moneys owing on this bond by a mortgage made by her to the complainant on this property, belonging, as stated, solely to herself. The mortgage debt not being paid when due, the complainant seeks in this suit to foreclose the equity of redemption of Miss Lindsley. The only parties made defendants are Miss Lindsley, the owner of the equity of redemption, and Blondina E. Vredenburgh, a subsequent mortgagee.

Miss Lindsley demurs to the bill for want of proper parties because her co-obligees on the bond have not been made defendants, she claiming that the complainant is a trustee for its depositors and is compelled to pursue the obligors for any deficiency on the bond; that all the co-obligors are therefore interested in the foreclosure suit, and in the ascertaining of the amount due on the bond and the fixing of any possible deficiency in the proceeds of the foreclosure sale to satisfy it.

*Mr. Louis H. Schenck*, for the demurrant.

*Mr. Hugh K. Gaston*, for the complainant.

GREY, V. C.

There is no question that all persons who have an interest in the object of the suit are required to be made parties to a bill in equity. The present suit is a proceeding *in rem* to compel the redemption of mortgaged premises or their sale and the application of the proceeds to the payment of the mortgage debt. The persons interested in the object of this suit are all those who have a right to redeem the mortgaged premises or who have any estate, right or equity which ought to be considered by the court when it decrees a foreclosure and sale.

Obligors who give a bond do not thereby acquire an interest in premises which one of their number individually owns and which he voluntarily mortgaged to the obligee in the bond to secure its payment. They remain debtors, but in the absence of any showing of a contractual or other interest in the security given by one of their number for the payment of their debt or

in the lands mortgaged, they have no right to be heard as to the application or disposition of the security or the lands. That lies between the owner of the security or of the lands, and the mortgagee. Nothing in the bill shows that the co-obligors in the bond in this case who are not made parties have any equity whatever in the mortgaged premises. They appear to be simply principal debtors, one of whom has voluntarily mortgaged her own sole property as security for the payment of their joint debt.

As to the claim that the complainant is compelled to pursue all the co-obligors for any deficiency, and that they are, therefore, proper and necessary parties to the foreclosure suit in order that they may be heard as to the amount due on the bond, &c. If such a compulsion rests upon the complainant it is yet quite clear that this foreclosure suit will not bind the co-obligors as to any amount due on the bond.

In *Vreeland* v. *Laubat, 1 Gr. Ch. 105*, under the old practice, a mortgage was sought to be foreclosed; the mortgagor had disposed of his interest in the mortgaged premises; the purchasers of the equity of redemption, who were the only defendants, demurred because the mortgagor was not made a party. The chancellor decided that there was no reason why he should be made a party, as the proceeding was *in rem*, and the mortgagor by conveying away the mortgaged premises had ceased to have any interest in them, and that an account ascertaining the amount of the debt might be stated without him. This decision was followed in *Savings Association* v. *Vandervere, 3 Stock. 383*.

In the cited cases the mortgagor had created the debt, but had parted with the mortgaged premises before the foreclosure suit, and it was declared there was no reason why he should be made a party. In the case in hand the co-obligors, though they created the debt, had never at any time held any interest in the mortgaged premises. The principle of the cases referred to appears to govern that under consideration.

Under the practice since the act of March 12th, 1880 (*Gen. Stat. p. 2111*), the taking of any decree for a deficiency in a

foreclosure is prohibited. Such a suit is now brought solely for the foreclosure and sale of the mortgaged premises.

When co-obligors on the bond have no interest in either the security or in the mortgaged premises, and no decree can be taken against them for any deficiency in the proceeds of sale to pay the joint debt, there seems to be even less occasion to make them parties to the foreclosure of the mortgage.

The demurrer should be overruled, with costs.